UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-61638-CIV-DIMITROULEAS

CONDOMINIUM ASSOCIATION OF PARKER PLAZA ESTATES, INC.,

Plaintiff,

v.

PAVEL MOREFF and SIMON SHERMAN,

Defendants.

**ORDER DENYING MOTION WITHOUT PREJUDICE**

THIS CAUSE is before the Court upon Defendants Pavel Moreoff and Simon Sherman (collectively, "Defendants")'s Motion to Dismiss First Amended Complaint Pursuant to Florida's Anti-SLAPP Statutes (the "Motion") [DE 25]. The Court has carefully considered the Motion [DE 25], Plaintiff Condominium Association of Parker Plaza Estates, Inc. ("Plaintiff")'s Response [DE 26], Defendants' Reply [DE 29], and is otherwise fully advised in the premises.

Fla. Stat. § 786.295, "Strategic Lawsuits Against Public Participation (SLAPP) prohibited" and Fla. Stat. § 718.1224, "Prohibition against SLAPP suits" (collectively, "Florida's Anti-SLAPP Statutes") prohibit the filing causes of action that are without merit against someone for exercising their rights under the First Amendment. *See* Fla. Stat. § 768.295(3); Fla. Stat. § 718.1224(3).

The Eleventh Circuit has not yet addressed whether Florida's Anti-SLAPP statute can be applied to actions in federal court. *See Parekh v. CBS Corp.*, 820 F. App'x 827, 836 (11th Cir. 2020) (holding that appellant waived the argument "that Florida's anti-SLAPP statute should not be applied in federal court" by raising it for the first time on appeal). However, even assuming

that Florida's Anti-SLAPP Statutes apply, the Motion, as filed, is fundamentally flawed and shall be denied without prejudice for leave to refile in accordance with this Order.

Florida's Anti-SLAPP Statutes state, in relevant part that the defendants have a right to expeditious resolution of the claim against them and may move the court for an order dismissing the action or granting final judgment in their favor. *See* Fla. Stat. §§ 768.295(3); 718.1224(3). The statutes further instruct that the defendants may file a motion to dismiss. *See id.* Alternatively, the defendants may file a motion for summary judgment, together with supplemental affidavits, seeking a determination that the lawsuit was brought in violation of the Anti-SLAPP statues. *See id.* In the event the defendants file a motion for summary judgment, the plaintiff must thereafter file its response and any supplemental affidavits. *See id.*

Here, Defendants filed a motion to dismiss that relies heavily on Defendants' lengthy affidavits. *See* [DE's 25, 25-1, 25-2]. Not only does this filing not follow the instructions set forth in §§ 768.295(3) and 718.1224(3), but, moreover, it fails to comply with Fed. R. Civ. P. 12(b)(6), which does not allow the court to consider extrinsic evidence filed in support of arguments asserted in a motion to dismiss. *See, e.g., Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (stating that in considering a motion to dismiss, "[a] court may consider only the complaint itself and any documents referred to in the complaint which are central to the claims"). Furthermore, to the extent Defendants' motion could be considered a summary judgment motion because it relies on extrinsic evidence, the motion fails to comply with the requirements of S.D. Fla. Local Rule 56.1, which, *inter alia*, requires a summary judgment motion to be accompanied by a statement of facts, and sets forth the form required for such statements. Accordingly, the Court will deny the Motion without prejudice, and permit Defendants to file either a motion to dismiss which asserts arguments that do not require facts and documents beyond the four corners

of the Amended Complaint, or a motion for summary judgment that complies with Local Rule 56.1. Alternatively, Defendants may file an answer.

Based on the foregoing, it is **ORDERED AND ADJUDGED** that the Motion [DE 25] is hereby **DENIED WITHOUT PREJUDICE** to file a motion that complies with this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 2nd day of March, 2023.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record