UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

Case No. 22-61638-CIV-DIMITROULEAS

CONDOMINIUM ASSOCIATION OF
PARKER PLAZA ESTATES, INC.,

    Plaintiff,

v.

PAVEL MOREFF and SIMON
SHERMAN,

    Defendants.

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Plaintiff, CONDOMINIUM ASSOCIATION OF PARKER PLAZA ESTATES, INC. ("Association"), pursuant to FED. R. CIV. P. 34 and S.D. Fla. L.R. 26.1(g), hereby files this Motion to Compel Discovery, and respectfully submits as follows:

1. Pursuant to the Agreed Order On Plaintiff's Expedited Verified Rule 56(D) Motion To Defer And Stay Defendants' Motion For Summary Judgment [ECF No. 36-39] Pending Discovery, In Lieu Of Responding To Motion For Summary Motion [ECF No. 46], which permitted the Association to undertake limited discovery prior to, and for purposes of preparing its response to Defendants' Motion For Summary Judgment [ECF No. 36-39], on May 22, 2023, the Association served on Defendants, Simon Sherman and Pavel Moreff (together "Defendants"), its First Requests for Production of Document. *See* Discovery Requests attached hereto as Composite Exhibit "A".

2. On July 5, 2023, after an agreed extension of time, Defendants served responses to the Association's discovery requests. *See* Responses to First Request for Production by

Sherman attached hereto as Exhibit "B"; and Responses to First Request for Production by Moreff attached hereto as Exhibit "C."

3. Defendants' responses to the Association's discovery requests are improper and do not comply with the Federal Rules of Civil Procedure or the Local Rules. *See* FED. R. CIV. P. 34; S.D. Fla. L.R. 26.1(e); and the General Order on Discovery Objections and Procedures ("General Order") dated August 2, 2023 [ECF No. 55].

4. In the first place, Defendants' responses contain boilerplate, general objections without a specific and detailed explanations supporting any of their objections to each objected request. In fact, Defendants included a "General Objections" section at the beginning of their responses providing boilerplate, general objections, and simply repeated such boilerplate language in the objections in the responses to the specific requests without any detailed explanation in support.

5. For example, regarding the objections of "overly broad" and "unduly burdensome", Defendants failed to provide any record evidence, such as an affidavit, detailing the basis for claiming overbroad and/or undue burden by showing the volume of documents, the number of man hours required in their production, or some other quantitative factor, to somehow explain that the documents requested are unwarranted or excessive. *See* Exhibit "B", at Responses to Requests Nos. 1-3, 9-11; and Exhibit "C", at Responses to Requests Nos. 1, 5-7.

6. Even when an explanation was provided, any such explanation is pointless as it refers to absurd hypotheticals which belie the purpose of discovery in this matter. Regardless, the General Order, [ECF No. 55], mandates that "[i]f there is an objection based upon an unduly broad scope, such as timeframe or geographic location, discovery should be provided as to those matters within the scope that is not disputed." *See* General Order [ECF No. 55] at Part I.C. As

the Court understands, these types of objections without providing documents which are clearly unobjectionable, is merely a delay tactic.

7. In addition, in their objections on the claim of lack of "relevancy", Defendants failed to provide a specific explanation "describing why the request lacks relevance and/or why the information sought is not reasonably calculated to lead to admissible evidence" in this action as required under the General Order, [ECF No. 55], Part I.D. Neither do Defendants explain why the discovery requested is irrelevant to the issues raised in Defendants' Motion for Summary Judgment. *See* Exhibit "B," Responses to Requests No. 7, 8, 20, and 21; and Exhibit "C", at Responses to Request No. 4. Therefore, not only are the "relevancy" objections improperly predicated, but they fail to comply with discovery rules.

8. Moreover, Defendants' objections regarding the alleged failure to include a timeframe are expressly contradicted in the requests. The Association specifically included in the instructions of its discovery requests that "[t]he relevant period is the time period between August 2019 to the present." *See* Exhibit "A", Instructions, Paragraph 12. Therefore, any such objections are false. *See* Exhibit "B," Responses to Requests No. 1-3, 9-11; and Exhibit "C", at Responses to Request No. 1, 5-7.

9. Defendants also failed to state whether any responsive documents are being withheld on the basis of their objections as mandated under Fed. R. Civ. P. 34(b)(2)(C).

10. Furthermore, Defendants failed to specify which document produced was responsive to which request for production. Instead, Defendants claim that each and every document produced responds to each and every request for production. Defendants claim that each and every pages produced, respond to each and every request for production. *See* Exhibit "B," Responses to Requests No. 4, 6, 14-19; and Exhibit "C", at Responses to Request Nos. 2-3,

3

9-12. Pursuant to Federal Rules of Civil Procedure and Local Rules, documents produced must be organized and labeled to correspond to the specific request, or if produced as the documents are kept in the usual course of business, "[t]he party has an obligation to explain the general scheme of record-keeping to the inspecting party." *See* Fed. R. Civ. P. 34(b)(2)(E)(i); and S.D. Fla. L.R. 26.1(e)(5).

11. For the foregoing reasons, the Court should grant this Motion and order Defendants to serve proper responses and responsive documents on the Association. The requested documents are essential for the Association to prepare its response to Defendants' Motion for Summary Judgment, which is due on October 9, 2023. *See* Order dated September 1, 2023 [ECF No. 57]. Therefore, Defendants should be compelled to comply with discovery by September 15, 2023.

**WHEREFORE**, Plaintiff, CONDOMINIUM ASSOCIATION OF PARKER PLAZA ESTATES, INC., hereby respectfully requests that the Court grant this Motion and enter an order compelling Defendants to serve proper responses and responsive documents on the Association by September 15, 2023, and granting such further relief as the Court deems appropriate.

## **COMPLIANCE WITH LOCAL RULE 7.1(a)(3)**

The undersigned certifies that on September 1, 2023, he attempted to confer via telephone with counsel for Defendants on the matters raised in this Motion, but was not able to do so. Undersigned counsel is aware that counsel for Defendants is recovering for a major spinal surgery and will not be available until after October 9, 2023. However, in compliance with this Court's order dated August 2, 2023 [ECF No. 53], the Association files the present Motion.

Case No. 22-61638-CIV-DIMITROULEAS

Respectfully submitted,


*/s/ Luis S. Konski*
Luis S. Konski
Fla. Bar No. 207837
Email: lkonski@fowler-white.com

Daniel A. Milian
Fla. Bar No. 74803
Email: dmilian@fowler-white.com

Joseph R. Englander
Fla. Bar No. 935565
Email: jenglander@fowler-white.com

Ana E. Tovar
Fla. Bar No. 1008100
Email: atovar@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:   (305) 789-9201

5

Case No. 22-61638-CIV-DIMITROULEAS

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel via transmission of Notices of Electronic Filing generated by CM/ECF, and on Richard S. Lubliner, Lubliner Law, PLLC, counsel for Defendants, 1645 Palm Beach Lakes Boulevard, Suite 1200, West Palm Beach, Florida 33401, at rich@lubliner-law.com and carolina@lubliner-law.com.

/s/ Ana E. Tovar
Ana E. Tovar