COMPOSITE EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

Case No. 22-61638-CIV-DIMITROULEAS

CONDOMINIUM ASSOCIATION OF
PARKER PLAZA ESTATES, INC.,

       Plaintiff,

v.

PAVEL MOREFF and SIMON
SHERMAN,

       Defendants.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## OF DOCUMENTS TO DEFENDANT, SIMON SHERMAN
## <u>REQUESTED TO BE PROVIDED ON AN EXPEDITED BASIS</u>

Plaintiff, CONDOMINIUM ASSOCIATION OF PARKER PLAZA ESTATES, INC. , by and through undersigned counsel, hereby requests Defendant, SIMON SHERMAN, to produce the following within the time prescribed by the applicable Federal Rules of Civil Procedure  or as ordered on an expedited basis by the Court pursuant to Plaintiff's Expedited Verified Rule 56(d) Motion for the Court to expedite discovery to be able to respond to Defendants' motion for summary judgment as follows:

### <u>DEFINITIONS</u>

1.      The term "Action" shall mean the above-captioned action.

2.      The term "Complaint" shall mean the document titled First Amended Complaint, filed in this Court on November 17, 2022.

CASE NO. 22-61638-CIV-DIMITROULEAS

3.      The term "Sherman" "you," and/or "your" shall mean the Defendant, in the above-captioned action, Simon Sherman, and, where applicable, any of Sherman's agents, attorneys, employees, collaborators, fellow participants, assistants, predecessors, or successors.

4.      The term "Parker Plaza" shall mean the building located at 2030 S Ocean Dr., Hallandale Beach, Florida 33009.

5.      The term "Association" shall mean the Plaintiff, Condominium Association of Parker Plaza Estates, Inc.

6.      The term "IGOR" shall mean the group of individuals formed by Sherman and others who own or reside at Parker Plaza and refer to themselves as "Initiative Group of Owners and Residents".

7.      The term "Sherman Facebook Group" shall mean the Facebook group that Sherman and others created called "Parker Plaza Owners".

8.      The term "FREEDOM4PPA" shall mean the group of individuals who formed "Freedom for Parker Plaza Association", managed by Pavel Moreff.

9.      The term "Affidavit" shall mean the Affidavit of Simon Sherman in Support of Defendants' Motion for Summary Judgment filed in this Action on April 10, 2023 [ECF No. 39].

10.      As used in these requests, (i) the terms "all," "any," and "each" shall each be construed as encompassing any and all, (ii) the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope, and (iii) the singular form of a noun or pronoun includes the plural form and vice versa. Additionally, regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

11.     The term "concerning" and/or "relating to" shall mean, without limitation, relating to, referring to, describing, evidencing, regarding, consisting of, constituting, containing, mentioning, summarizing, listing, indicating, analyzing, explaining, supporting, undermining, contradicting, pertaining to, prepared in connection with, used in preparation for, or being in any way legally, logically, or factually connected with the matter discussed.

12.     The term "document" shall mean any printed, written, typed, recorded, transcribed, taped, photographic, or graphic matter, however produced or reproduced, including, but not limited to: any letter, correspondence, notation, or statement of any nature whatsoever between or among two or more persons, by or to whomever made, dialogues, discussions, e-mail, interviews, consultations, agreements, other understandings, or communication of any sort; film, print or negative of photograph; sound recording; video recording; note, notebook, diary, calendar, minutes, memorandum, contract, agreement, or any amendment thereto; telex, telegram, cable; summary, report or record of telephone conversation, voice mail or voice mail back-up, personal conversation, discussion, interview, meeting, conference, investigation, negotiation, act or activity; projection, work paper, or draft; computer or computer network output or input, hard or floppy disc, e-mail, magnetic and/or optical medias, archived or back up data on any of these medias, and documents that have been deleted but are recoverable from any of these medias; opinion or report of consultant; request, order, invoice or bill of lading; analysis, diagram, map, index, sketch, drawing, plan, chart, manual, brochure, pamphlet, advertisement, circular, newspaper or magazine clipping, press release; receipt, journal, ledger, schedule, bill, or voucher; financial statement, statement of account, bank statement, checkbook, stubs, or register, canceled check, deposit slip, charge slip, tax return (income or other), requisition; file, study, graph, tabulation, and any and all other writings and recordings of whatever nature, whether signed or

CASE NO. 22-61638-CIV-DIMITROULEAS

unsigned or transcribed, and any other data compilation from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form; or other tangible things which constitute or contain matters within the scope of the Florida Rules of Civil Procedure, and which are within the possession, custody, or control of you or any past or present agent, employee, consultant, attorney, or any other person acting on your behalf. The term "document" also includes the file, folder, tabs, and labels attached to or containing any document. Any document with any marks such as initials, comments, or notations of any kind is not deemed to be identical to one without such marks and is a separate document within the meaning of this term.

13.     When referring to a person, "identify" shall mean to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

14.     When referring to documents, "identify" shall mean to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

15.     The term "including" shall mean "including, but not limited to" so as to require the broadest possible inclusion.

10.     The term "person" shall mean an individual, corporation, partnership, trust, association, company, organization, or any form of a business or commercial entity.

<u>**INSTRUCTIONS**</u>

1.     You are requested to produce all responsive documents in your possession, custody, or control, wherever located, including, without limitation, those in the custody of your affiliates,

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

CASE NO. 22-61638-CIV-DIMITROULEAS

subsidiaries, parent corporations, predecessors, or successor entities and all of their respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives, or other person acting or purporting to act on its or their behalf, or acted or purported to act, on its or their behalf. A document is deemed to be in your possession, custody, or control if it is in your physical custody or if it is in the physical custody of any other person or entity and you: (a) own such document in whole or in part; (b) have a right, by contract, statute, or otherwise, to use, inspect, examine, or copy such document on any terms; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document on any terms; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document when you sought to do so.

2.      If a privilege is claimed in response to any item number of this request, you are to provide a Privilege Log, setting forth the identity of the document for which such privilege is claimed, the type of document, the general subject matter of the document, the name of all individuals or entities listed or mentioned in such document, the date it was generated, the individual or entity that produced, generated, or composed the document, and the names of all person or entities that received a copy of the document. Notwithstanding the assertion of any privilege or other protection, any requested document that contains any responsive, non-privileged or non-protected information shall be produced, but that portion of the document for which the privilege or other protection is asserted may be redacted, provided that the redacted portion is identified and described consistently according to the requirements listed above.

3.      If there are no documents responsive to any particular request, you are to state so in writing.

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

4.      If you object to any request, state in full the basis for your objection. If you object to part of a request, specify the portion of the request to which you object and answer so much of the request as is not objectionable.

5.      Where any copy of any document whose production is sought herein, whether a draft or final version, is not identical to any other copy thereof, by reason of alterations, notes, comments, initials, underscoring, indication of routing, or other material contained thereon or attached thereto, all such non-identical copies are to be produced separately.

6.      If any document requested herein was formerly in your possession, custody, or control (or that of your representative or affiliate) and has been lost or destroyed or otherwise disposed of, you are requested to submit in lieu of any such document a written statement (a) describing in detail the nature of the document and its contents, (b) identifying the person(s) who prepared or authored the document and, if applicable, the person(s) to whom the document was sent, (c) specifying the date on which the document was prepared or transmitted, and (d) specifying the date on which the document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the person(s) requesting and performing the destruction.

7.      A request for any document shall be deemed to include a request for any and all transmittal sheets, cover letters, originals, non-identical copies, exhibits, enclosures, or attachments to such document, in addition to the document in its full and unexpurgated form.

8.      Where only a portion of a document relates or refers to the subject indicated, the entire document is to be produced nevertheless, along with all attachments, appendices, and exhibits.

9.      Each document produced in response to the requests below should be clearly categorized to indicate to which of the requests set forth herein it is responsive. Responses to this

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

CASE NO. 22-61638-CIV-DIMITROULEAS

request for production of documents shall be submitted in a form so that the response follows the retyped request for production of documents to which it applies.

10.    All documents shall be produced in the manner they are kept in the ordinary course of business and in their original file folders with any identifying labels, file markings, or similar identifying features. Documents attached to each other should not be separated. The name of the file from which a document was produced, the identity of the person from whose file the document was produced, and the identity of the present custodian of that file shall be set forth.

11.    Documents created or stored electronically must be produced in their original electronic format, with the original metadata intact, and not printed to paper or PDF. All electronically stored information ("ESI") shall be produced in electronic form (the "production set"). Each document will have its own unique identifier ("Bates number"), which must be consistently formatted across the production, comprising of an alpha prefix and a fixed length number of digits (e.g., "PREFIX0000001").

12.    The relevant period is the time period between **August 2019** to the present.

**PLAINTIFF'S FIRST REQUEST FOR**
**PRODUCTION OF DOCUMENTS TO DEFENDANT, SIMON SHERMAN**

1.    All    communications    disseminated    from    "Parker    Plaza" pploudspeaker@gmail.com.

2.    All communications disseminated from ssherm@unmc.edu related to the Association.

3.    All communications disseminated from s.sherman2030@gmail.com related to the Association.

- 7 -

CASE NO. 22-61638-CIV-DIMITROULEAS

4.      All Facebook Posts posted in the Sherman Facebook Group by "Parker Plaza" pploudspeaker@gmail.com, ssherm@unmc.edu, s.sherman2030@gmail.com, or any other account you own or manage.

5.      All documents relating to the proper publication and registration, and the ownership and authorization to use the fictitious name PARKER PLAZA ESTATES and all instances of use of said fictitious name.

6.      All documents reflecting all communications, including emails, letters, and social media posts, sent by Sherman with the display name PARKER PLAZA to the members and non-members of the Association including but not limited to any communication in response from members that received said communications who indicated being confused as to whether the communications with the display name PARKER PLAZA were sent on behalf of the Association or not.

7.      All email communications disseminated regarding any "GoFundMe" page or account of which you are the organizer or promoter relating in any way to the Parker Plaza or its Association.

8.      All Facebook Posts posted in the Sherman Facebook Group regarding any "GoFundMe" page of which you are the organizer or promoter relating in any way to the Parker Plaza or its Association.

9.      All social media posts and messages by you related in any way to the Association.

10.      All documents and communications between you and IGOR in any way related to the Association.

11.      All documents and communications between you and FREEDOM4PPA in any way related to the Association.

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

CASE NO. 22-61638-CIV-DIMITROULEAS

12.     All documents and communications between you and Vlad Gorny or Big Apple Services LLC, with an owner address of 2030 S. Ocean Drive, Apt. 1106, Hallandale Beach, Florida 33009, related to the fictitious name of "PARKER PLAZA ESTATES" or its registration.

13.     All documents and communications where the fictitious name of "PARKER PLAZA ESTATES", registered with the State of Florida Department of State, has been used in any way.

14.     All documents evidencing your claims that there have been or are irregularities in the management of funds by the Association.

15.     All documents evidencing your claims that any Director, the management, vendors or contractors of the Association have engaged in criminal mismanagement of the Association.

16.     All documents evidencing and supporting your claim that there is corruption by the Association, any Director, the management, vendors or contractors.

17.     All documents evidencing and supporting your claim in your Affidavit that, "While I served on the Board, I discovered that some of the conduct of the Association was not in compliance with our governing documents and Chapter 718".

18.     All documents evidencing and supporting your claim in your Affidavit that, "Currently, violations with online voting continue".

19.     All documents evidencing and supporting your claim that Michael Fagan is a "Malicious Property Tax Evader…."

20.     All documents related to the collection of funds for the investigation of the Association by South Florida Property Owners Consulting, LLC ("SPOC") and C&G Financial Group ("C&G"), the investigation by SPOC and C&G, the report or reports and the dissemination of the conclusions reached by SPOC and C&G to members or non-members of the Association.

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

CASE NO. 22-61638-CIV-DIMITROULEAS

21.     All documents related to the collection of funds for any investigation of the Association.

Fowler White Burnett P.A. • Brickell Arch, 1395 Brickell Avenue, 14th Floor, Miami, Florida 33131 • (305) 789-9200

CASE NO. 22-61638-CIV-DIMITROULEAS

Respectfully submitted,


/s/ Luis S. Konski
Luis S. Konski
Fla. Bar No. 207837
Email:  lkonski@fowler-white.com

Daniel A. Milian, Esq.
Fla. Bar No. 74803
Email: dmilian@fowler-white.com

Ana E. Tovar
Fla. Bar No. 1008100
Email: atovar@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:    (305) 789-9201

CASE NO. 22-61638-CIV-DIMITROULEAS

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 22, 2023, the foregoing document was electronically served upon: Richard S. Lubliner, Esq., Lubliner Law, PLLC, Counsel for Defendants, 1645 Palm Beach Lakes Boulevard, Suite 1200, West Palm Beach, Florida 33401, rich@lubliner-law.com, carolina@lubliner-law.com.

/s/ Luis S. Konski
Luis S. Konski

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

Case No. 22-61638-CIV-DIMITROULEAS

CONDOMINIUM ASSOCIATION OF
PARKER PLAZA ESTATES, INC.,

      Plaintiff,

v.

PAVEL MOREFF and SIMON
SHERMAN,

      Defendants.

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS TO DEFENDANT, PAVEL MOREFF
<u>REQUESTED TO BE PROVIDED ON AN EXPEDITED BASIS</u>**

Plaintiff, CONDOMINIUM ASSOCIATION OF PARKER PLAZA ESTATES, INC., by and through undersigned counsel, hereby requests Defendant, PAVEL MOREFF, to produce the following within the time prescribed by the applicable Federal Rules of Civil Procedure or as ordered on an expedited basis by the Court pursuant to Plaintiff's Expedited Verified Rule 56(d) Motion for the Court to expedite discovery to be able to respond to Defendants' motion for summary judgment as follows:

<u>**DEFINITIONS**</u>

1.      The term "Action" shall mean the above-captioned action.

2.      The term "Complaint" shall mean the document titled First Amended Complaint, filed in this Court on November 17, 2022.

CASE NO. 22-61638-CIV-DIMITROULEAS

3.      The term "Moreff" "you," and/or "your" shall mean the Defendant, in the above-captioned action, Pavel Moreff, and, where applicable, any of Moreff's agents, attorneys, employees, collaborators, fellow participants, assistants, predecessors, or successors.

4.      The term "Sherman" shall mean co-defendant in this Action, Simon Sherman.

5.      The term "Parker Plaza" shall mean the building located at 2030 S Ocean Dr., Hallandale Beach, Florida 33009.

6.      The term "Association" shall mean the Plaintiff, Condominium Association of Parker Plaza Estates, Inc.

7.      The term "IGOR" shall mean the group of individuals formed by Simon Sherman and others who own or reside at Parker Plaza and refer to themselves as "Initiative Group of Owners and Residents".

8.      The term "Sherman Facebook Group" shall mean the Facebook group that Sherman and others created called "Parker Plaza Owners".

9.      The term "FREEDOM4PPA" shall mean the Facebook page and group of individuals who formed "Freedom for Parker Plaza Association", and is managed by you.

10.     The term "Pavel's Affidavit" shall mean the Affidavit of Pavel Moreff in Support of Defendants' Motion for Summary Judgment filed in this Action on April 10, 2023, [ECF No. 38].

11.     As used in these requests, (i) the terms "all," "any," and "each" shall each be construed as encompassing any and all, (ii) the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope, and (iii) the singular form of a noun or pronoun includes the plural form and vice versa. Additionally, regardless of the

- 2 -

CASE NO. 22-61638-CIV-DIMITROULEAS

tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

12. The term "concerning" and/or "relating to" shall mean, without limitation, relating to, referring to, describing, evidencing, regarding, consisting of, constituting, containing, mentioning, summarizing, listing, indicating, analyzing, explaining, supporting, undermining, contradicting, pertaining to, prepared in connection with, used in preparation for, or being in any way legally, logically, or factually connected with the matter discussed.

13. The term "document" shall mean any printed, written, typed, recorded, transcribed, taped, photographic, or graphic matter, however produced or reproduced, including, but not limited to: any letter, correspondence, notation, or statement of any nature whatsoever between or among two or more persons, by or to whomever made, dialogues, discussions, e-mail, interviews, consultations, agreements, other understandings, or communication of any sort; film, print or negative of photograph; sound recording; video recording; note, notebook, diary, calendar, minutes, memorandum, contract, agreement, or any amendment thereto; telex, telegram, cable; summary, report or record of telephone conversation, voice mail or voice mail back-up, personal conversation, discussion, interview, meeting, conference, investigation, negotiation, act or activity; projection, work paper, or draft; computer or computer network output or input, hard or floppy disc, e-mail, magnetic and/or optical medias, archived or back up data on any of these medias, and documents that have been deleted but are recoverable from any of these medias; opinion or report of consultant; request, order, invoice or bill of lading; analysis, diagram, map, index, sketch, drawing, plan, chart, manual, brochure, pamphlet, advertisement, circular, newspaper or magazine clipping, press release; receipt, journal, ledger, schedule, bill, or voucher; financial statement, statement of account, bank statement, checkbook, stubs, or register, canceled

CASE NO. 22-61638-CIV-DIMITROULEAS

check, deposit slip, charge slip, tax return (income or other), requisition; file, study, graph, tabulation, and any and all other writings and recordings of whatever nature, whether signed or unsigned or transcribed, and any other data compilation from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form; or other tangible things which constitute or contain matters within the scope of the Florida Rules of Civil Procedure, and which are within the possession, custody, or control of you or any past or present agent, employee, consultant, attorney, or any other person acting on your behalf. The term "document" also includes the file, folder, tabs, and labels attached to or containing any document. Any document with any marks such as initials, comments, or notations of any kind is not deemed to be identical to one without such marks and is a separate document within the meaning of this term.

14.     When referring to a person, "identify" shall mean to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

15.     When referring to documents, "identify" shall mean to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

16.     The term "including" shall mean "including, but not limited to" so as to require the broadest possible inclusion.

10.     The term "person" shall mean an individual, corporation, partnership, trust, association, company, organization, or any form of a business or commercial entity.

- 4 -

CASE NO. 22-61638-CIV-DIMITROULEAS

## <u>INSTRUCTIONS</u>

1.      You are requested to produce all responsive documents in your possession, custody, or control, wherever located, including, without limitation, those in the custody of your affiliates, subsidiaries, parent corporations, predecessors, or successor entities and all of their respective current or former directors, officers, employees, agents, attorneys, advisors, and representatives, or other person acting or purporting to act on its or their behalf, or acted or purported to act, on its or their behalf. A document is deemed to be in your possession, custody, or control if it is in your physical custody or if it is in the physical custody of any other person or entity and you: (a) own such document in whole or in part; (b) have a right, by contract, statute, or otherwise, to use, inspect, examine, or copy such document on any terms; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document on any terms; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document when you sought to do so.

2.      If a privilege is claimed in response to any item number of this request, you are to provide a Privilege Log, setting forth the identity of the document for which such privilege is claimed, the type of document, the general subject matter of the document, the name of all individuals or entities listed or mentioned in such document, the date it was generated, the individual or entity that produced, generated, or composed the document, and the names of all person or entities that received a copy of the document. Notwithstanding the assertion of any privilege or other protection, any requested document that contains any responsive, non-privileged or non-protected information shall be produced, but that portion of the document for which the privilege or other protection is asserted may be redacted, provided that the redacted portion is identified and described consistently according to the requirements listed above.

- 5 -

CASE NO. 22-61638-CIV-DIMITROULEAS

3.      If there are no documents responsive to any particular request, you are to state so in writing.

4.      If you object to any request, state in full the basis for your objection. If you object to part of a request, specify the portion of the request to which you object and answer so much of the request as is not objectionable.

5.      Where any copy of any document whose production is sought herein, whether a draft or final version, is not identical to any other copy thereof, by reason of alterations, notes, comments, initials, underscoring, indication of routing, or other material contained thereon or attached thereto, all such non-identical copies are to be produced separately.

6.      If any document requested herein was formerly in your possession, custody, or control (or that of your representative or affiliate) and has been lost or destroyed or otherwise disposed of, you are requested to submit in lieu of any such document a written statement (a) describing in detail the nature of the document and its contents, (b) identifying the person(s) who prepared or authored the document and, if applicable, the person(s) to whom the document was sent, (c) specifying the date on which the document was prepared or transmitted, and (d) specifying the date on which the document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the person(s) requesting and performing the destruction.

7.      A request for any document shall be deemed to include a request for any and all transmittal sheets, cover letters, originals, non-identical copies, exhibits, enclosures, or attachments to such document, in addition to the document in its full and unexpurgated form.

8.      Where only a portion of a document relates or refers to the subject indicated, the entire document is to be produced nevertheless, along with all attachments, appendices, and exhibits.

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

CASE NO. 22-61638-CIV-DIMITROULEAS

9.      Each document produced in response to the requests below should be clearly categorized to indicate to which of the requests set forth herein it is responsive. Responses to this request for production of documents shall be submitted in a form so that the response follows the retyped request for production of documents to which it applies.

10.      All documents shall be produced in the manner they are kept in the ordinary course of business and in their original file folders with any identifying labels, file markings, or similar identifying features. Documents attached to each other should not be separated. The name of the file from which a document was produced, the identity of the person from whose file the document was produced, and the identity of the present custodian of that file shall be set forth.

11.      Documents created or stored electronically must be produced in their original electronic format, with the original metadata intact, and not printed to paper or PDF. All electronically stored information ("ESI") shall be produced in electronic form (the "production set"). Each document will have its own unique identifier ("Bates number"), which must be consistently formatted across the production, comprising of an alpha prefix and a fixed length number of digits (e.g., "PREFIX0000001").

12.      The relevant period is the time period between **August 2019** to the present.

**PLAINTIFF'S FIRST REQUEST FOR**
**PRODUCTION OF DOCUMENTS TO DEFENDANT, SIMON SHERMAN**

1.      All communications disseminated from freedom4ppa@gmail.com.

2.      All communications disseminated from pmoreff.pp@gmail.com related to the Association.

3.      All Facebook Posts posted in the Sherman Facebook Group by freedom4ppa@gmail.com, pmoreff.pp@gmail.com, or any other account you own or manage.

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

CASE NO. 22-61638-CIV-DIMITROULEAS

4.     All email communications disseminated regarding any "GoFundMe" page of which Simon Sherman is the promoter or organizer relating in any way to the Parker Plaza or its Association.

5.     All social media posts and messages by you related in any way to the Association.

6.     All documents and communications between you and IGOR in any way related to the Association.

7.     All documents and communications between you and FREEDOM4PPA in any way related to the Association.

8.     All documents and communications between you and Vlad Gorny or Big Apple Services LLC, with an owner address of 2030 S. Ocean Drive, Apt. 1106, Hallandale Beach, Florida 33009, related to the fictitious name of "PARKER PLAZA ESTATES".

9.     All documents evidencing your claim that any Director, the management, vendors or contractors of the Association have engaged in irregularities in the management of funds of the Association.

10.     All documents evidencing your claim that any Director, the management, vendors or contractors of the Association have engaged in criminal mismanagement of the Association.

11.     All documents evidencing and supporting your claim that any Director, the management, vendors or contractors of the Association have engaged in corruption by the Association.

12.     Any and all documents evidencing the misconduct of Association as alleged in your Affidavit that, "Surprisingly, the proposal, agreement and contract differ significantly in technical and budgetary aspects from each other which were not disclosed to members of the Association,

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

CASE NO. 22-61638-CIV-DIMITROULEAS

nor approved at a duly noticed Board meeting, in derogation of Chapter 718 of the Florida Statutes,

and the Association's governing documents".

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

CASE NO. 22-61638-CIV-DIMITROULEAS

Respectfully submitted,

/s/ Luis S. Konski
Luis S. Konski
Fla. Bar No. 207837
Email:  lkonski@fowler-white.com

Daniel A. Milian, Esq.
Fla. Bar No. 74803
Email: dmilian@fowler-white.com

Ana E. Tovar
Fla. Bar No. 1008100
Email: atovar@fowler-white.com

Joseph R. Englander
Fla. Bar No. 935565
Email:  jenglander@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:     (305) 789-9201

CASE NO. 22-61638-CIV-DIMITROULEAS

### <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 22, 2023, the foregoing document was electronically served upon: Richard S. Lubliner, Esq., Lubliner Law, PLLC, Counsel for Defendants, 1645 Palm Beach Lakes Boulevard, Suite 1200, West Palm Beach, Florida 33401, rich@lubliner-law.com, carolina@lubliner-law.com.

/s/ Luis S. Konski
Luis S. Konski

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200